**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICKY WISNU SULISTIO; et al.,

     Petitioners,

 v.

ERIC H. HOLDER, Jr., Attorney General,

     Respondent.

No. 09-73846

Agency Nos.   A096-499-641
       A096-499-642
       A096-499-643

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:   SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

  Ricky Wisnu Sulistio and his family, natives and citizens of Indonesia,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and remand for further proceedings.

The record does not compel the conclusion that petitioners established changed circumstances to excuse their untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-658 (9th Cir. 2007) (per curiam). Accordingly, petitioners' asylum claim fails.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, petitioners' CAT claim fails.

With respect to withholding of removal, however, the record compels the conclusion that the Sulistios suffered past persecution based on their experience during the 1999 riot in Ternate, when they had to evacuate their home and town because Muslim attackers were killing all Christians they could find. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1211-12 (9th Cir. 2004) (finding past persecution where petitioners were forced to "flee[] from hostile forces motivated by a desire to kill each and every member of [a] group"). Because the Sulistios

2

established past persecution, they are entitled to a presumption of a clear probability of future persecution. 8 C.F.R. § 1208.16(b)(1)(i). Accordingly, we remand for the agency to decide in the first instance whether the government has met its burden to rebut this presumption. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**